IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBORAH ROBERTS,<br><br>    Plaintiff,<br><br>v.<br><br>GWINNETT COUNTY, GEORGIA,<br><br>    Defendant. | CIVIL ACTION FILE NO.: |

### COMPLAINT

Plaintiff, Deborah Roberts, by and through counsel, hereby files this Complaint against Defendant Gwinnett County, Georgia and alleges as follows:

### INTRODUCTION

1.

This is an action to recover payment of minimum wage pursuant to the Fair Labor Standards Act, 29 U.S.C. § 206 *et seq.* ("FLSA") and for recovery of the value of services rendered and benefits conferred upon the County by Ms. Roberts since being forced to work, without pay.  Specifically, Ms. Roberts is a former evidence technician that worked for the County for nearly seven years when she attempted to retire at the end of 2012.  Since that time, she has been required by the County to perform her former job by testifying to chain of custody matters without

compensation.  Ms. Roberts seeks back pay, liquidated damages, attorneys' fees and an injunction to remedy these violations.

## JURISDICTION AND VENUE

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 206 *et seq*. and 29 U.S.C. § 216(b) *et seq.*  Jurisdiction over Ms. Roberts' state law claims is invoked pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

3.

Venue is proper pursuant to 28 U.S.C. § 1391 in that the unlawful employment practices and the violations of Ms. Roberts' rights alleged below were committed in this judicial district.

## PARTIES

4.

Plaintiff Deborah Roberts is a legal resident of the United States and the State of Georgia.  She was employed as an evidence technician for Gwinnett County Police Department, continues to work for the County and, therefore, is an "employee" as that term is defined under 29 U.S.C. §203(e).  Since attempting to

retire at the end of 2012, Ms. Roberts has been "employed" without pay in violation of the FLSA and the laws of the State of Georgia.

5.

Defendant Gwinnett County, Georgia is a legal entity subject to suit and is an "employer" as that term is defined under the FLSA, 29 U.S.C. §203(s), and is subject to the provisions of the Act relating to payment of minimum wage. Pursuant to O.C.G.A. § 36-1-5, it may be served by delivering process to a majority of the Board of Commissioners at their residence or office addresses.

## STATEMENT OF FACTS

6.

Plaintiff was employed as an evidence technician for the Gwinnett County Police Department for nearly seven years before retiring at the end of 2012.

7.

As an evidence technician, Ms. Roberts was required to perform many duties for the County, one of which was the preparation, delivery and return of property and evidence from the crime lab and other locations following established chain of custody procedures.

8.

This particular job also required Ms. Roberts to testify in court to the integrity, preservation, transportation and chain of custody of property and evidence.

9.

During her nearly seven years with the County, Ms. Roberts was often called to testify as to chain of custody matters by both the District Attorney's Office and the Solicitors Office.

10.

For her work, Ms. Roberts was paid a salary of $27,789, which comes to approximately $13.30 per hour.

11.

Since her retirement, the salary for an evidence technician has increased to the equivalent of $14.07 per hour.

12.

When Ms. Roberts retired in 2012, she did so with the expectation that her work for the County would come to an end.

13.

As a retiree, she receives no pay or benefits from the County whatsoever.

14.

Beginning in January 2013, immediately following her retirement, Ms. Roberts began receiving demands from the District Attorney's Office and the Solicitor's Office, as well as defense attorneys, for her to appear in court to testify as to chain of custody matters.

15.

These demands were in the form of subpoenas for which she would be fined or possibly jailed were she to refuse to comply.

16.

As was the case when she worked for the County, she was required to be in court when called and was regularly called to appear.

17.

The time expenditure attributable to these subpoenas has been substantial and the restrictions that these subpoenas place on her life are severe.

18.

For example, when she receives a subpoena, she has to open a file, calendar the report time and log the case. This typically takes fifteen minutes per subpoena.

19.

After logging the case, Ms. Roberts must speak with the attorney responsible for the subpoena to determine the facts, her role in the case and her expected testimony.

20.

Communications with County officials about a case and her role takes, on average, two hours per subpoena for Superior Court matters and approximately fifteen minutes for less complex State Court matters.

21.

Once the subpoena is received, Ms. Roberts is required to remain "on-call" for the duration of the calendar, usually an entire week.

22.

Being on-call means that Ms. Roberts must be available when called or incur a fine or possibly jail time.

23.

Because Ms. Roberts actually does get called and often has to sit for hours waiting to testify, her free time is severely limited.

24.

For instance, Ms. Roberts is not able to go out of town, must cancel classes and reschedule appointments, including doctors' appointments, must ensure that she is alert and prepared to testify in court.

25.

In addition, she has lost employment opportunities because she is regularly placed under subpoena.

26.

Altogether, the work the County demands that Ms. Roberts continue to perform has had a dramatic adverse impact on her quality of life and on the lives of those around her.

27.

Since January 2013, Ms. Roberts has received over 500 subpoenas, has been on-call or in attendance at court for more than 2,300 hours and has logged close to 200 hours of phone calls and processing time.

28.

Ms. Roberts is aware that other evidence technicians who no longer work with the County that have not been subjected to similar demands for work.

29.

By failing to pay Ms. Roberts a minimum wage for the work she has done and continues to do for the County, Defendant has violated the FLSA, 29 U.S.C. §206.

30.

Moreover, by failing to provide Ms. Roberts with any compensation for the value of the work she has performed for the County, the County has been unjustly enriched and is liable to Ms. Roberts based on theory of *quantum meruit*.

31.

In February, 2013, Ms. Roberts wrote to District Attorney Danny Porter and Solicitor Rosanna Szabo requesting relief from this forced work but her letter and her predicament were apparently ignored because she received no reply.

32.

Likewise, in April, 2014, counsel for Ms. Roberts again reached out to the County seeking a resolution but this letter was also apparently ignored.

33.

Defendant's conduct in refusing to pay Plaintiff the minimum wage required by law is a willful and continuing violation of the FLSA within the meaning of 29

U.S.C. § 255(a), entitling Plaintiff to bring this claim within three years of the accrual of her cause of action.

34.

Based upon the duties and work demanded of her, the County had no reasonable grounds for believing that its refusal to pay wages to Ms. Roberts was appropriate under the FLSA.  As such, Defendant is not entitled to any reduction in the amount of liquidated damages allowed under the FLSA, 29 U.S.C. § 216(b).

35.

The actions of the County in refusing to pay Ms. Roberts and ignoring her efforts to resolve the situation have been in bad faith and the County has been stubbornly litigious.

## COUNT ONE
## VIOLATION OF THE FLSA – FAILURE TO PAY MINIMUM WAGE

36.

The allegations contained in paragraphs 1 through 35 are hereby incorporated by this reference.

37.

By virtue of Defendant's failure or refusal to pay Ms. Roberts a minimum wage of at least $7.25 per hour, Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206 and 215.

38.

Defendant's failure to pay Ms. Roberts the minimum wages she is owed is willful and in bad faith.  Therefore, Ms. Roberts is entitled to the benefit of the three-year statute of limitations and unpaid compensation with interest to date plus liquidated damages all pursuant to 29 U.S.C. §§ 206, 215, 216(b) and 255.

39.

Defendant's failure and refusal to pay Ms. Roberts a minimum wage further entitles her to recover her attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## COUNT TWO
### UNJUST ENRICHMENT

40.

The allegations contained in paragraphs 1 through 35 are hereby incorporated by this reference.

41.

By accepting repeated demands from the County and others to appear in court and resume her duties of testifying to chain of custody matters, working with County attorneys on her testimony, remaining on-call for testimony and actually appearing and testifying as to these matters, Ms. Roberts provided a valuable benefit to the County in its efforts to prosecute crime.

42.

By refusing to compensate Ms. Roberts for the valuable services she has provided, the County has been unjustly enriched and is liable to Ms. Roberts on the theory of *quantum meruit*.

43.

The value of Ms. Roberts' services would be the hourly rate at which current evidence technicians are paid or $14.07 per hour.

## COUNT THREE
### VIOLATION OF O.C.G.A. § 13-6-11

44.

The allegations contained in paragraphs 1 through 35 are hereby incorporated by this reference.

45.

By the actions and as more particularly described above, Defendant has acted in bad faith, has been stubbornly litigious and has put Ms. Roberts to unnecessary trouble and expense.

46.

Accordingly, Ms. Roberts is entitled to recover her attorneys' fees and expenses incurred in protecting her rights in this action.

## **RELIEF**

Plaintiff respectfully requests that this Court:

1. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Ms. Roberts' rights as secured by the Fair Labor Standards Act of 1938, as amended, and the laws of the State of Georgia;

2. Grant Plaintiff a permanent injunction enjoining Defendant, its officers, agents, successors, employees, attorneys, and those acting in concert with them, from further refusals to pay Ms. Roberts a minimum wage and from engaging in any employment practice or policy which discriminates against Ms. Roberts or others similarly situated because of her or their opposition to the unlawful practices outlined here or because of her or their participation in this lawsuit;

3. Order Defendant to make Ms. Roberts whole by providing for her total lost pay plus interest under Count's One and Two, whichever is greater;

4. Grant Ms. Roberts liquidated damages under the FLSA in an amount equal to the sum of her lost minimum wage;

5. Grant to Plaintiff a jury trial on all issues so triable;

6. Grant to Plaintiff her costs in this action and reasonable attorneys' fees as provided by State and Federal law; and

7.  Grant such additional relief as the Court deems proper and just.

Respectfully submitted,

/s/ John F. Beasley, Jr.
John F. Beasley, Jr.
Georgia Bar No. 045010
jfbeasley@jfbeasleylaw.com

JF BEASLEY, LLC
31 North Main Street
P.O. Box 309
Watkinsville, GA 30677
Telephone:  706-769-4410
Facsimile:   706-769-4471

Counsel for Plaintiff