## FLSA SETTLEMENT AND RELEASE AGREEMENT

### 1.    Parties and Released Parties:

This document sets forth the terms and conditions of the FLSA Settlement and Release Agreement ("Agreement") by and between Deborah Roberts ("Releasor") and Gwinnett County, Georgia ("the County"). The term "Releasees" as used herein shall be defined as the County and all of its departments, divisions, agencies, authorities, and affiliates and their past, present, and future officers (including Constitutional officers), directors, employees, agents, elected and appointed persons, insurers, and attorneys, in their individual and official capacities, together with their predecessors, successors, and assigns, both jointly and severally.

### 2.    Payment and Consideration:

A.    Following the Effective Date of this Agreement, as provided for herein, the County will pay to Releasor and Releasor's attorney a total payment of thirty two thousand and 00/100 dollars ($32,000.00), which will be paid and apportioned as follows:

 i.    One check made payable to "Deborah Roberts" in the gross amount of six thousand and 00/100 dollars ($6,000.00), less all applicable taxes and withholdings required by law based on the current W-4 and G-4 documents on file with the County as of the end of the Releasor's employment, in compensation for Releasor's claims for alleged unpaid wages and overtime, and which will be reported to Releasor on a Form W-2.

 ii.    The parties acknowledge and agree that no amount will be allocated to Plaintiff as liquidated damages under the Fair Labor Standards Act. The County contends that liquidated damages are not appropriate because the County at all times acted in good faith and had reasonable grounds for believing it was in compliance with the Fair Labor Standards Act. Releasor acknowledges that the County has a strong argument in this regard as to liquidated damages given the unusual facts of the case and agrees that an award of liquidated damages is not assured in this case, so this allocation of settlement proceeds is a fair and reasonable compromise of her claims.

 iii.    One check made payable to "JF Beasley, LLC" in the net amount of twenty six thousand and 00/100 dollars ($26,000.00), with no deductions or withholdings made, in compensation for the Releasor's attorney's fees, costs, and expenses, and which will be reported to Releasor's counsel on a Form 1099. The Releasor and her counsel agree that provision of a completed and executed W-9 are required to process the payment.

B.    The checks set forth above will be mailed to Releasor's counsel, John Beasley, to the address of 31 N. Main Street, P.O. Box 309, Watkinsville, Georgia 30677, within 10 business days of the Effective Date of this Agreement, as provided for herein.

C.    Releasor acknowledges and agrees that the payments set forth above representing unpaid wages, overtime, and liquidated damages fairly and fully compensate her for all overtime

and other wages allegedly owed to her by the County, and that they constitute full and complete payment of any unpaid overtime and other wages allegedly owed to her at the time of her execution of this Agreement.

D.      The Releasor and the County agree that, if she is subpoenaed by the Gwinnett County District Attorney's office ("DAs office") or the Gwinnett County Solicitor's Office ("Solicitor's office") after the Effective Date of this Agreement, she will notify Sgt. Toby Williams via telephone at (770) 513-5123 upon her receipt of the subpoena. Upon receipt of such notice, the County agrees that it will contact the DA's office or the Solicitor's office, as the case may be, and use reasonable efforts to make arrangements to minimize the burden to Plaintiff in complying with the subpoena, including, but not limited to, attempting to make arrangements for another person to testify for the Releasor. Releasor acknowledges and agrees that any final decisions of the DA's office and Solicitor's office are out of the County's control, and the County cannot make any guarantees to Releasor about the issuance of future subpoenas or what will be required of Releasor to comply with any such subpoenas.

### 3.      Motion to Approve Settlement and Effective Date

A.      For and in consideration of the payments and benefits specified in paragraph 2, and other good and valuable consideration, Releasor agrees to dismiss with prejudice her Complaint for Damages that is currently pending in the U.S. District Court for the Northern District of Georgia, Atlanta Division, *Deborah Roberts v. Gwinnett County, Georgia*, Civil Action File No. 1:14-CV-01522-AT ("the Civil Action").

B.      Following their execution of this Agreement, Releasor and the County agree to jointly file in the Civil Action the Joint Motion to Approve Settlement Agreement and Dismiss Claims that is attached to this Agreement as Exhibit 1 ("the Joint Motion"), attaching thereto an executed copy of this Agreement. The parties will cooperate and take all necessary steps to effectuate final judicial approval of the Joint Motion.

C.      This Agreement shall become effective and binding upon such date ("the Effective Date") as the Court approves in its entirety the Joint Motion and enters an order approving this Agreement and dismissing the Civil Action with prejudice.

D.      The Releasor and her counsel acknowledge and agree that, in the event the Joint Motion is denied because no portion of the amounts identified in Paragraph 2(A) of this Agreement are allocated as liquidated damages, the Releasor and the County agree to re-file this Agreement with one-half of the amount identified in Paragraph 2(A)(i) allocated towards back pay and the other one-half of the amount identified in Paragraph 2(A)(i) allocated towards liquidated damages. The Releasors and their counsel acknowledge and agree that, in the event that the Court denies the parties' Joint Motion for any other reason, and the parties cannot, thereafter, secure Court approval of a mutually acceptable settlement agreement within 45 days of the Court's Order denying the Joint Motion, the Releasors and their counsel agree that any settlement is null and void.

## 4.    Release of Claims:

For and in consideration of the payments and benefits specified in paragraph 2, and other good and valuable consideration, Releasor does knowingly and voluntarily release and forever discharge the Releasees from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims, and demands whatsoever, in law or in equity, whether known or unknown, which the Releasor ever had, now has, or may or might in the future have against the Releasees based on any acts, omissions, transactions, or occurrences whatsoever from the date of the beginning of the world to the Effective Date of this Agreement, that arise by reason of or are in any way connected with, or which are or may be based in whole or in part on, or do or may arise out of, or are or may be related to or with: (a) the Civil Action; (b) any claim for unpaid wages, minimum wages, overtime, or any other form of wages or compensation or reimbursement under the Fair Labor Standards Act or under any other federal law, state law, local law, common law, or equity; and (c) any claims of attorneys' fees, costs, or expenses pursuant to 42 U.S.C. § 1988 or as otherwise may be allowed by law.

## 5.    Covenant Not To Sue:

Unless otherwise prohibited by law, the Releasor covenants and acknowledges that neither the Releasor, nor any person, organization, or other entity acting on the Releasor's behalf has or will: (a) sue or cause or permit suit against the Releasees upon any claim released by this Agreement; (b) participate in any way in any suit or proceeding upon a claim released by this Agreement; or (c) execute, seek to impose, collect, or recover upon or otherwise enforce or accept any judgment, decision, award, warranty, or attachment upon any claim released by this Agreement. Unless otherwise prohibited by law, in the event of any claim by an agency or federal or state government or a claim by any person against the Releasees for conduct by the Releasees against the Releasor for any conduct arising prior to the Effective Date of this Agreement, the Releasor further agrees and covenants to return to the County upon receipt any sums paid to the Releasor or collected on the Releasor's behalf paid pursuant to any such claim.

## 6.    Non-Admission:

Releasor acknowledges that the consideration provided for this Agreement, including the payments and benefits set forth in paragraph 2, does not constitute any admission of liability or wrongdoing on the part of the County or any of the Releasees, by whom any and all liability or wrongdoing of any kind is expressly denied. The County and Releasees specifically deny any liability to Releasor for any unpaid wages, overtime, liquidated damages, or other alleged compensation due under the Fair Labor Standards Act or any other applicable wage payment law, but have entered into this Agreement solely for convenience and the avoidance of continued litigation. This Agreement shall not be deemed an admission of liability, wrongdoing, or a violation of any law, rule, regulation or order, of any kind, such being expressly denied.

## 7.    Successors and Assigns:

This Agreement shall be binding upon Releasor and Releasor's heirs, executors, administrators, assigns, successors, beneficiaries, employees, and agents, and shall inure to the benefit of the Releasees and their predecessors, successors, and assigns. Releasor represents and warrants that she has not assigned, sold, or otherwise conveyed any claim released herein.

**8.      Entire Agreement, Modification, and Severability:**

A.      This Agreement constitutes the entire agreement between Releasor and the County pertaining to those subjects contained herein and supersedes all prior and contemporaneous agreements, representations, and understandings.

B.      This Agreement may not be altered, amended, modified, or otherwise changed in any respect or manner whatsoever except by a writing duly executed by the Releasor and authorized representative of the County.

C.      In the event a portion of this Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

**9.      Miscellaneous:**

A.      This Agreement is executed by Releasor knowingly and voluntarily and is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of Releasor's claims. Releasor acknowledges that no promise or inducement has been offered or made except as set forth in this Agreement. Releasor further acknowledges that consideration for this Agreement consists of financial payments and benefits to which Releasor otherwise has no legal entitlement.

B.      Releasor acknowledges and agrees that she has had reasonable and sufficient time in which to consider whether or not she wishes to enter into this Agreement, and that her decision to do so is made knowingly, voluntarily, and without coercion. Releasor acknowledges that she has been represented by legal counsel at all times and has consulted fully with her legal counsel prior to signing this Agreement and has read and understands each paragraph herein.

C.      Releasor acknowledges that neither the Releasees nor their attorneys make or have made any representation as to the tax consequences, if any, of the provisions of this Agreement, and Releasor agrees to pay federal or state taxes, if any, that are required by law to be paid by her with respect to this settlement. Releasor further agrees to indemnify and hold harmless the Releasees from any claims, demands, deficiencies, levies, assessments, executions, judgments, or recoveries by any government entity against the County or any of the Releasees for any amounts claimed due on account of this Agreement or pursuant to claims made under any federal or state tax laws and from any costs, expenses, or damages sustained by the County or any of the Releasees by reason of any such claims, including any amounts paid as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest, or otherwise.

**IN AGREEMENT HERETO,** Releasor and the below representative of the County do hereby set their hand and seal.

Deborah Roberts

10-21-16
Date

Duane D. Pritchett
Chief Assistant County Attorney

10 - 20 - 16
Date